Jasen, J.
 

 This is an action to recover a death benefit of $15,000 under an accident and sickness insurance policy. The policy contains provisions granting the insurer the right to perform an autopsy. The claimant refused insurer’s request to perform an autopsy of the insured. The sole question presented for our review is whether a refusal by a claimant to authorize an autopsy of an insured where a right to such autopsy is granted to the insured bars the claimant from recovery under the terms of the policy.
 

 On May 11,1961, the defendant, Commercial Travelers Mutual Accident Association, issued to Ben Saperstein a $15,000 policy
 
 *82
 
 of insurance which,
 
 inter alia,
 
 insured against loss of life “ caused directly by and due solely to accidental bodily injuries sustained * * * independently of disease, bodily infirmity and any other cause ”. The insured died on March 3, 1968, following a one-car accident. The police accident report stated that the insured’s southbound automobile skidded on a patch of ice, crossed the northbound lane and struck concrete steps on the east side of the northbound lane. This report listed the insured’s injuries as a broken neck. The acting coroner likewise made a diagnosis of accident death due to a broken neck. Interment took place two days later. One week after the interment, Commercial Travelers received notice of the death through one of its agents. On April 10, 1968, the insured’s wife and sole beneficiary, the plaintiff herein, filed a formal claim on defendant’s printed form.
 

 Prior to issuing the policy, Commercial Travelers, in May, 1961, hired a private investigation agency to make inquiries and investigations with respect to statements made by the insured in his application for the insurance. The written report made following that investigation stated that the insured was of good health, with no physical impairments, and had no known medical history. Following its receipt of notice of death, Commercial Travelers undertook an investigation of the anticipated death claim. It discovered and, pursuant to plaintiff’s authorization, examined certain hospital records relating to the insured’s February, 1961 admission and treatment in the Monticello Hospital for a period of four days. The admission record indicated a diagnosis of hypertension and a radiological report confirmed this, showing that the insured’s heart was hypertensive in outline. The personal history and physical examination detailed in the same hospital record stated that the insured was suffering from precordial pain.
 

 In view of this medical history, and apparently upon the theory that the insured may have suffered a fatal heart attack while driving, causing him to go off the road and receive a broken neck seconds later, under which circumstances it would not have any liability under the policy, Commercial Travelers on April 11, 37 days after interment, served plaintiff with a
 
 *83
 
 demand for an autopsy.
 
 [1]
 
 This autopsy was refused. Thereafter, the Commercial Travelers rejected the claim but offered to return all premiums paid by or on behalf of the insured under the policy.
 

 Plaintiff then instituted this action for the $15,000 she claimed was due under the policy. Commercial Travelers in its answer set up as one of its affirmative defenses a claim that it had an absolute right to an autopsy as a condition precedent to liability. Commercial Travelers successfully moved for summary judgment based on this affirmative defense, with Special Term holding that the demand for an autopsy was reasonable under the circumstances and that the refusal to comply with the demand barred recovery under the' policy. The Appellate Division reversed, the majority holding that “ a post-interment autopsy to which there is no consent by the beneficiaries is ‘ forbidden by law ’ unless the insurer can demonstrate a basis for a
 
 reasonable belief
 
 that death was caused other than by the risks insured against.” (42 A D 2d 487, 489.) (Emphasis in original.) Justice (now Judge) Cooke, although rejecting the
 
 “
 
 forbidden by law ” language, nevertheless concurred on the ground that there was a question of fact whether Commercial Travelers’ demand for autopsy, made after interment, was reasonable. (42 A D 2d, at pp. 490-491.)
 

 We, too, are troubled by the apparent breadth of the Appellate Division’s opinion. We believe that the contractual right to an autopsy was not forbidden by law. Section 164 (subd. 3, par. [A], cl. [10]) of the Insurance Law specifically sanctions such right. It has long been the rule in this State that by applying for and accepting an insurance contract containing such a provision, the insured expressly agreed to this provision and his beneficiaries are bound thereby.
 
 (Wehle
 
 v.
 
 United States Mut. Acc. Assn.,
 
 153 N. Y. 116,122.) Accordingly, we are unanimous of the view that the exhumation of a body for the purpose of performing an autopsy pursuant to the terms and conditions of a contract of insurance is not, in and of itself,
 
 “
 
 forbidden by law ”. Nevertheless, we conclude that there exists a ques
 
 *84
 
 tion of fact whether Commercial Travelers’ demand for an autopsy was reasonable under all the circumstances and that summary judgment was therefore improperly granted.
 

 It is well known that some people have great sensitivity to autopsies, particularly when exhumation is involved, based on emotional and aesthetic sensibilities as well as strong religious convictions. Therefore, it is not inconceivable that under certain circumstances an unscrupulous insurer, suspecting such sensitivity in a particular case, might, even absent any reason to suspect that death was caused by any means other than accidental, demand an autopsy, knowing it will be refused, as an improper and highly unethical means of escaping liability under the policy. In other contexts, we have found that it is the public policy of this State that “ [t]he quiet of the grave, the repose of the dead, are not lightly to be disturbed. Good and substantial reasons must be shown before disinterment is to be sanctioned.”
 
 (Matter of Currier [Woodlawn
 
 Cemetery], 300 N. Y. 162, 164.) We think that this public policy cannot be ignored in the context of the case such as is now before us.
 

 There may well be instances in which it can be said as a matter of law that such a request for an autopsy was reasonable, and summary judgment might be warranted. For example, in
 
 Dvorkin
 
 v.
 
 Commercial Travelers Mut. Acc. Assn.
 
 (258 App. Div. 501, affd. 283 N. Y. 629), the decedent suffered a fatal coronary occlusion shortly after falling into a grease pit. It was conceded that the fall was not sufficient to cause the death. The question the insurer sought to answer by performing an autopsy was whether death was caused by a functional impairment of the heart as a direct result of the fall and not amounting to a coronary disease, as the beneficiary claimed, or whether the cause was an organic impairment of the heart amounting to a coronary arterial disease, as contended by the insurer. The record established beyond contradiction that an autopsy at a minimum would have disclosed whether the decedent had suffered from organic disease of the heart, in which case the insurer would be relieved of liability. Under the circumstances, the Appellate Division correctly held that, as a matter of law, there was a reasonable basis for the request to perform the autopsy. Likewise, in
 
 Gould
 
 v.
 
 Travelers Ins. Co.
 
 (244 App. Div. 274, affd. 270 N. Y. 584), the surgeon who operated on the
 
 *85
 
 decedent immediately before his death listed the canse of death as intra-abdominal hemorrhage resulting from probable cancer of the intestines. Nevertheless, the beneficiary under an accidental death policy later made a claim under the policy, asserting that the insured died as a result of an accident. The insurer’s demand for an autopsy after burial was refused. Under those circumstances also, we agree that the insurer’s request for an autopsy was reasonable as a matter of law.
 

 More often, however, that will not be the case. Hence, we hold that in the absence of some readily available documentary information which in and of itself would assure the reasonableness of the request (such as, for example, a coroner’s report, an attending physician’s report, or a hospital record pertaining to the diagnosed condition of the insured immediately prior to death), the question of whether the insurer’s request for a postinterment autopsy was reasonable raises such an issue of fact as to require a trial of that issue, thereby making summary judgment unavailable. Here, the only justification for the request given by the insurer was a four-day hospitalization for some relatively minor heart pains seven years prior to the insured’s death, with no suggestion of any subsequent heart trouble. That, coupled with the fact that the insured’s car slid on icy pavement and struck concrete steps, causing the insured’s neck to be broken, raises the question of whether the request for an autopsy was reasonable. That issue can only be resolved by the trier of fact,
 
 [2]
 
 upon proper instructions, once it has been presented with these and any other facts, including expert medical testimony relating to the long term implications of precordial pain and hypertension which occurred seven years before death, which may be developed at trial. If, after a trial on the issue of whether the demand for an autopsy was reasonable under the circumstances, it is found that it was, then the refusal to comply at the time the demand was made would bar recovery under the terms of the policy. On the other hand, if the jury were to find that the demand was unreasonably made, the failure to comply with the demand for an autopsy would not bar recovery.
 

 
 *86
 
 It is not our intention to impose an impossible burden on insurers. All that need be shown at trial is that, under all the circumstances, there was a significant possibility that the autopsy would reveal such information as to allow the insurer to defend the action in good faith on the ground that death resulted from other than accidental causes. What we mean to articulate here is that, in view of the public policy considerations involved, remote possibilities will not suffice and “ fishing expeditions ’ ’ shall not be sanctioned once the body has gone to its final resting place.
 
 [3]
 

 Finally, we are not unaware of the fact that our holding today may place an unfortunate burden on beneficiaries who run the risk of losing insurance benefits solely by reason of the fact that they refused a request for an autopsy which may be later determined to have been a reasonable request. We realize that if an autopsy is to be of any value, time is generally of the essence in its performance.
 
 [4]
 
 Obviously, any rule that would require some sort of judicial inquiry into the reasonableness of a request to exhume a body for purposes of performing an autopsy would be self-defeating; by the time it was determined that the request was reasonable, so much time may have passed as to render the autopsy inconclusive. If, however, an insurer in its demand for an autopsy, stated the grounds for the request
 
 [5]
 
 , the beneficiaries could at least make a more informed decision. We invite the Legislature to consider whether an amendment to section 164 (subd. 3, par. [A], cl. [10]) of the Insurance Law
 
 *87
 
 mandating such an explanation would be in the best interests of beneficiaries and insurers alike.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs to abide the event. Question certified answered in the affirmative.
 

 Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Cooke taking no part.
 

 Order affirmed, etc.
 

 [1]
 

 . The policy provided in part:
 
 “
 
 The Association at its own expense shall have the right and opportunity
 
 *
 
 * * to make an autopsy in case of death where it is not forbidden by law.”
 

 [2]
 

 . Preferably by means of either a special verdict or a general verdict accompanied'by answers to interrogatories, pursuant to CPLR 4111.
 

 [3]
 

 . Since the question is not before us, we do not attempt to articulate any standards of reasonableness in the situation where the autopsy is sought prior to interment. It would seem, however, in that case an insurer would have considerably more leeway.
 

 [4]
 

 . It was conceded at argument that, due to the passage of time, performance of an autopsy is no longer feasible. Thus, if it is determined here that Commercial Travelers’ request for an autopsy was reasonably made, then it has a complete defense to this claim made under the policy.
 

 [5]
 

 . Here, for example, the explanation might have read: Due to the insured’s history of heart trouble, including his 1961 hospitalization, it is the insurer’s belief that death may have been caused by a fatal heart attack occurring immediately before, and causing, the automobile accident.
 

 Such an explanation would not, of course, preclude the insurer from using in its defense other relevant information which it might, hypothetically at least, fortuitously discover during the autopsy.