■ Kurt Schindler, Appellant, v Issler & Schrage, P. C., Respondent. [692 NYS2d 361] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered February 24, 1998, which granted defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the action as barred by the doctrine of res judicata and denied as moot plaintiff's cross-motion for partial summary judgment on his fourth cause of action alleging a violation of Judiciary Law § 487, unanimously reversed, on the law, with costs, defendant's motion denied, plaintiff's cross-motion granted and the matter remanded for an assessment of damages.

As explained by the Court of Appeals in *United States Fid. & Guar. Co. v Smith Co.* (46 NY2d 498, 505): "CPLR 205 (subd [a]) was designed to effect a grace period so as to extend, if applicable, the time within which an action can be commenced. It serves the salutary purpose of preventing a Statute of Limitations from barring recovery where the action, at first timely

commenced, had been dismissed due to a technical defect which can be remedied in a new action (see *Graziano v Pennell*, 371 F2d 761). Where, as here, the statutory time limit has not expired, due to a toll or otherwise, this section cannot be applied in such a way as to shorten the period otherwise available to the plaintiff (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 205:5, p 198)."

Thus, the IAS Court's prior dismissal of plaintiff's action against the attorney defendants with leave to replead a proper cause of action, if so advised, was the functional equivalent of a dismissal "without prejudice" which would not preclude this new action, timely brought before the expiration of the applicable Statute of Limitations, under res judicata principles (*see, City of New York v Caristo Constr. Corp.*, 62 NY2d 819, 821).

As to plaintiff's fourth cause of action pursuant to Judiciary Law § 487, it is undisputed that, by order entered July 13, 1990 in an Arizona proceeding for the probate of the will of plaintiff's aunt Irene Roth de Escandon, the Superior Court of Maricopa County restricted the decedent's bank accounts, including a certain Citibank account, against withdrawals, except upon prior order of the court. On December 10, 1992, despite this restriction, Daniel Kalb, the decedent's stockbroker who had appeared and litigated the issue in the Arizona proceeding, withdrew the funds in the Citibank account of which he was a joint tenant. By order entered July 29, 1993, the Arizona court held Mr. Kalb in contempt of the July 13, 1990 order for removing such funds, entered judgment against him in favor of the estate in the sum of $468,202.03 and directed counsel for plaintiff, who was appointed one of two personal representatives of the estate, to attempt to bring Mr. Kalb into court to explain his actions.

Thereafter, in 1994, with full knowledge of the foregoing Arizona proceeding, defendant attorneys represented Mr. Kalb in a New York action solely against Citibank, and without notice to the estate, for a declaratory judgment that the $198,424.87 in the joint account became the sole property of Mr. Kalb due to the death of Irene de Escandon on October 18, 1989. Citibank admitted the facts alleged and consented to entry of a judgment to that effect on July 18, 1994.

In 1996, plaintiff, as the assignee of all causes of action and claims of his aunt's estate, brought an action against Kalb and his attorneys for fraud because of their false and misleading statements and omissions to the court in Kalb's declaratory judgment action. It is that action which was dismissed, with leave to replead. At about the same time, an agreement was

executed settling all of plaintiff's claims against Daniel Kalb for $750,000.

Judiciary Law § 487 (1) provides, *inter alia*, that an attorney who is "guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party * * * forfeits to the party injured treble damages, to be recovered in a civil action."

Although a violation of section 487 is also a misdemeanor, a criminal conviction is not a condition precedent to a civil action pursuant to the section, but civil relief and the imposition of treble damages is warranted only where the defendant attorney has engaged in a "chronic, extreme pattern of legal delinquency" (*Wiggin v Gordon*, 115 Misc 2d 1071, 1077; *see also, Gonzalez v Gordon*, 233 AD2d 191, *lv denied* 90 NY2d 802).

Defendant's client Mr. Kalb, in a sworn affidavit, states that his attorney, a member of defendant's firm, advised him that there was no obligation on his part to notify the estate that he was bringing the New York declaratory judgment action against Citibank. The attorney who prepared the successful motion for summary judgment against Citibank was an associate of defendant's firm and states that he had no knowledge of the Arizona proceeding and his only involvement in the action was his drafting of the moving papers which were based solely on the pleadings in that action. He further states that the motion papers were then reviewed by his supervising partner and filed with the court. That partner, in support of defendant's motion to dismiss the present action and in opposition to plaintiff's cross-motion for partial summary judgment on his fourth cause of action, denies that he or defendant advised Mr. Kalb that it was "perfectly alright" to withdraw the funds in the Citibank account or aided any effort to defraud plaintiff. He admits, however, that defendant law firm "did not inform the court of the existence of any probate proceedings and any orders or decisions issued by any other court" and seeks to excuse such conduct on the ground that the court was clearly aware that there was a decedent involved and was fully free to inquire of the parties as to the interest of the estate in the funds held in the Citibank account and whether a personal representative of the estate had been appointed for the purpose of pursuing any claims to such funds. He points out that the court never made any such inquiry and considers it noteworthy that neither plaintiff nor the estate ever notified Citibank that the estate was asserting any claims against the joint account or of any orders issued with respect to the disposition of the funds in that or any other bank account.

Despite its attempt to shift the blame elsewhere, the conduct of defendant law firm clearly falls within the proscription of Judiciary Law § 487 in that it knowingly withheld crucial information from the declaratory judgment court. "It is well settled that when there is a duty to speak, silence may very well constitute fraudulent concealment (*see, Donovan v Aeolian Co.*, 270 NY 267, 271), which is itself the equivalent of affirmative misrepresentations of fact (*Nasaba Corp. v Harfred Realty Corp.*, 287 NY 290, 295). This is especially true where an officer of the court owes such an obligation to the tribunal (Code of Professional Responsibility DR 7-102 [A] [3] [22 NYCRR 1200.33 (a) (3)])" (*Guardian Life Ins. Co. v Handel*, 190 AD2d 57, 61).

Given defendant's admissions, we find no issue of fact on the issue of defendant's violation of Judiciary Law § 487 (1), which interdicts misconduct by an attorney involving "deceit * * * with intent to deceive the court or any party" and, accordingly, grant plaintiff partial summary judgment on his fourth cause of action and remand the matter for an assessment of damages. Concur—Sullivan, J. P., Lerner, Andrias and Saxe, JJ.