■ ROYAL INDEMNITY COMPANY, Individually and as Subrogee of NISSAN NORTH AMERICA, INC., and NISSAN MOTOR ACCEPTANCE CORPORATION, Plaintiff, v TRAVELERS INDEMNITY COMPANY et al., Defendants and Third-Party Plaintiffs-Appellants. KEVIN T. McCARTHY, Third-Party Defendant-Respondent. [767 NYS2d 584]—

Order, Supreme Court, New York County (Richard Braun, J.), entered November 14, 2002, which granted third-party defendant's motion to dismiss the third-party complaint, unanimously affirmed, with costs.

Third-party plaintiffs, who were the primary insurer and counsel for a defendant who defaulted in a personal injury action brought by third-party defendant's client, do not identify a " 'chronic, extreme pattern of legal delinquency' " (*Schindler v Issler & Schrage*, 262 AD2d 226, 228 [1999], *lv dismissed* 94 NY2d 791 [1999]) warranting civil sanctions against third-party defendant for having allegedly deceived the court into granting the default. The appropriate forum for hearing this complaint was the court where the default was litigated. Concur—Buckley, P.J., Tom, Ellerin and Gonzalez, JJ.