■ JAMES L. MELCHER, Respondent, v GREENBERG TRAURIG, LLP, et al., Appellants. [958 NYS2d 362]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 14, 2011, which denied defendants' motion to dismiss the complaint on statute of limitations grounds, reversed on the law, without costs, the motion granted and the amended complaint dismissed in its entirety. The Clerk is directed to enter judgment accordingly.

This action was commenced on June 25, 2007. Plaintiff's sole cause of action is based on Judiciary Law § 487, which provides for an award of treble damages to an injured party where an attorney "[i]s guilty of any deceit or collusion, or consents to any

deceit or collusion, with intent to deceive the court or any party" (Judiciary Law § 487 [1]). At all relevant times, defendant Greenberg Traurig, LLP (GT) and Leslie Corwin, a partner therein, were the attorneys for Apollo Medical Fund Management L.L.C. and its principal, Brandon Fradd, in an action that plaintiff brought against them in 2003 (the Apollo Management action). Plaintiff brought the Apollo Management action to recover his membership share of profits under Apollo's 1998 operating agreement.

In the instant complaint, it is alleged that at a January 27, 2004 meeting, Corwin represented to plaintiff and his counsel that plaintiff's case lacked merit because his membership rights to a share of Apollo's profits had been drastically diminished by a purported May 21, 1998 amendment of the operating agreement. Corwin told plaintiff and his counsel that he personally confirmed the authenticity of the amendment with Jack Governale, the lawyer said to have drafted it. The amended complaint describes this January 27, 2004 statement it attributes to Corwin as "an outright lie." Plaintiff alleges that at the meeting and by letter faxed the same day, his counsel requested that defendants make the signed original of the claimed amendment available for forensic chemical testing that would have enabled plaintiff's experts to determine the time frame when any ink found on the document was applied. As stated in the amended complaint, chemical testing would have established to a scientific certainty that the purported amendment was a "back-dated forgery."

According to the amended complaint, Fradd informed Corwin by email dated February 1, 2004, that he had accidentally set fire to the two-page amendment while making tea. Specifically, Fradd allegedly advised Corwin that the top page had been destroyed and the bottom page singed. Nevertheless, on February 17, 2004, GT and Corwin made a motion on behalf of their clients for an order dismissing the Apollo Management complaint pursuant to CPLR 3211 (a) (1) on the basis of a defense founded upon documentary evidence consisting of the purported amendment of the operating agreement. This motion was made while plaintiff's February 5, 2004 motion to compel the production of the claimed original amendment was sub judice. On the February 23, 2004 hearing date of plaintiff's motion to compel, Corwin allegedly represented to the motion court that he was holding the original of the amendment in escrow but did not disclose to the court the burning that had been reported by Fradd. The amended complaint alleges that "[d]efendants made the false and misleading statement to the

Supreme Court that they were holding the originals 'in escrow' to mislead the Supreme Court that the document was safe and had not been tampered with, when the truth was the opposite. Defendants falsely and misleadingly represented to the Supreme Court that they were holding the originals 'in escrow' with intent to deceive, to prevent the Supreme Court and plaintiff from ever discovering that the 'amendment' had been burned under highly suspicious circumstances, that the files of the law firm that supposedly drafted it contained no evidence that it ever existed, and that the lawyers who supposedly drafted it had no knowledge of it."

An "action to recover upon a liability, penalty or forfeiture created or imposed by statute" must be commenced within three years (CPLR 214 [2]). A cause of action under Judiciary Law § 487 is purely statutory in nature and therefore subject to the three-year statute of limitations. Judiciary Law § 487 "is a unique statute of ancient origin in the criminal law of England" (*Amalfitano v Rosenberg*, 12 NY3d 8, 14 [2009]).

The next question is when plaintiff's cause of action accrued. An action seeking damages under Judiciary Law § 487 must be commenced within the longer of three years from the time of the underlying deceit or collusion or within two years from the time the deceit or collusion was discovered, or with reasonable diligence, could have been discovered (CPLR 214 [2]; *see* CPLR 203 [g]; *cf. Sargiss v Magarelli*, 12 NY3d 527, 532 [2009]). Accordingly, there is no merit to plaintiff's argument that the statute of limitations does not begin to run until the conclusion of the underlying case. As the motion court correctly found, plaintiff knew of GT's and Corwin's alleged deceit concerning Fradd's destruction of the purported amendment more than three years before this action was commenced. Specifically, by letter to the motion court dated March 20, 2004, plaintiff's counsel complained of "the defendants' concealment of material facts and misleading representations" in connection with the aforementioned motion to compel the production of the original document. In the letter, plaintiff's counsel acknowledged that on March 18, 2004, he was made aware of Fradd's claimed destruction of the original first page of the purported two-page amendment. Plaintiff's counsel also noted that at the February 23, 2004 hearing, Corwin assured the court that he had the original amendment in his personal possession while concealing the information about Fradd's claimed destruction of the document. The letter also accused GT and Corwin of misleading plaintiff about the fact that they had hired their own ink testing expert. The letter further suggested that GT and Corwin

deceived their ink chemistry expert by having him unwittingly render a report on his examination of a photocopy that was apparently passed off to him as the supposed original amendment of the operating agreement.

We do not share the dissent's footnoted view that plaintiff's March 20, 2004 letter did not accuse GT and Corwin of collusion or deceit under Judiciary Law § 487 because it merely spoke of concealment on their part. On the contrary, the then-existing Code of Professional Responsibility DR 7-102 (a) (3) (former 22 NYCRR 1200.33 [a] [3]) imposed upon attorneys, as officers of the court, an obligation to disclose crucial information to a tribunal (see Schindler v Issler & Schrage, 262 AD2d 226, 228-229 [1st Dept 1999], lv dismissed 94 NY2d 791 [1999]). An attorney's withholding of crucial information from a court falls within the proscription of Judiciary Law § 487 (id.). Stated differently, an attorney's concealment from a court of a fact he or she is required by law to disclose is tantamount to the assertion of a false material fact (see Matter of Shearer, 94 AD3d 128 [1st Dept 2012]). Accordingly, Corwin's concealment from the court of information regarding the claimed incineration of the purported document upon which he based his clients' motion to dismiss the Apollo Management complaint was actionable under the statute. Notwithstanding the dissent's position, for purposes of Judiciary Law § 487, it does not matter whether the concealed information would "have altered the determination of defendants' motion to dismiss." The statute's application is not limited to successful deceits (Amalfitano v Rosenberg, 12 NY3d at 11-14). That is because the statute's "evident intent" is "to enforce an attorney's special obligation to protect the integrity of the courts and foster their truth-seeking function" (id. at 14). Therefore, the concealment recounted in plaintiff's March 20, 2004 letter would have constituted a significant breach of Corwin's duty as an attorney. This action is time-barred by reason of plaintiff's admitted awareness of the alleged concealment for more than three years before he filed suit.

We also reject plaintiff's argument that the accrual date was extended by GT's and Corwin's subsequent alleged cover-up of their deceit on the court. Within the analogous context of a fraud action, this Court held: "A new cause of action for fraud does not accrue each time a plaintiff discovers new elements of fraud in a transaction or new evidence to prove such fraud. Where there is knowledge of facts sufficient to suggest to a person of ordinary intelligence the probability that he [or she] has been defrauded, a duty of inquiry arises and may thus start the running of the statute" (Augstein v Levey, 3 AD2d 595, 599

[1st Dept 1957], *affd* 4 NY2d 791 [1958] [internal quotation marks and citation omitted]). The accrual date was not extended here because, as noted above, plaintiff was aware of the basic facts relative to defendants' alleged deceit more than three years before this action was commenced. For the same reason, we find that the motion court erroneously determined that GT and Corwin were equitably estopped from asserting the statute of limitations as a defense. The doctrine of equitable estoppel does not apply here because plaintiff has not met the fundamental requirement of establishing that subsequent and specific actions by defendants somehow kept him from timely bringing suit (*see Corsello v Verizon N.Y., Inc.*, 18 NY3d 777, 789 [2012]). Equitable estoppel is inapplicable for the additional reason that plaintiff does not allege an act of deception separate and apart from the ones upon which he sues (*id.*). Concur—Gonzalez, P.J., Saxe and DeGrasse, JJ.

Freedman and Román, JJ., dissent in a memorandum by Román, J., as follows: Because I believe that plaintiff's cause of action pursuant to Judiciary Law § 487 accrued within the three year statute of limitations prescribed by CPLR 214 (2), this action was timely commenced, the motion court properly denied defendants' motion to dismiss, and therefore I dissent.

Pursuant to Judiciary Law § 487 an attorney who engages in "deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . [i]s guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action" (Judiciary Law § 487 [1]). While we previously held that a cause of action pursuant to Judiciary Law § 487 did not give rise to "a unique form of liability unknown at common law," and was thus governed by a six-year statute of limitations (*Guardian Life Ins. Co. of Am. v Handel*, 190 AD2d 57, 62-63 [1st Dept 1993]), it is now well settled that Judiciary Law § 487 "is not a codification of a common-law cause of action for fraud. Rather, section 487 is a unique statute of ancient origin in the criminal law of England" (*Amalfitano v Rosenberg*, 12 NY3d 8, 14 [2009]). Accordingly, pursuant to CPLR 214 (2), a cause of action pursuant to Judiciary Law § 487 is "an action to recover upon a liability, penalty or forfeiture created or imposed by statute," and is thus governed by a three-year statute of limitations.

Here, plaintiff's complaint, the allegations of which must be taken as true on a motion to dismiss (*Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]; *Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998]), alleges many instances of

deceit by Brandon Fradd, a principal of Apollo Management Medical Fund, L.L.C., e.g., the intentional destruction of evidence by burning the amendment which purportedly diminished plaintiff's share of Apollo Management's profits. However, according to the complaint, actual deceit by defendant Leslie D. Corwin, legal counsel to Fradd and Apollo Management, giving rise to plaintiff's cause of action pursuant to Judiciary Law § 487, first occurred on January 27, 2004. On that date, Corwin, in the course of representing Fradd and Apollo Management, stated that he had contacted Jack Governale, prior counsel to Apollo Management, and had personally confirmed that the amendment that diminished plaintiff's share of Apollo Management's profits was authentic and had in fact been drafted by Governale. According to the complaint, however, plaintiff did not become aware that Corwin's assertions were false until December 7, 2005 when Governale was deposed and testified that he knew nothing about the amendment at issue and that his files contained no indication of any such amendment. Plaintiff pleads that when Governale denied drafting the amendment, it then became clear that Corwin could not have verified the amendment's authenticity with Governale as he previously represented and that therefore, Corwin, with his statements on January 27, 2004, had deceived him.

"A cause of action accrues, for the purpose of measuring the period of limitations, when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court" (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 221 [1996] [internal quotation marks omitted]). Accordingly, given the allegations in the complaint, plaintiff's cause of action could not have accrued until December 7, 2005.* While Corwin's representation on January 27, 2004 was allegedly subterfuge, which violated Judiciary Law § 487, plaintiff did not become aware of this alleged deception until December 7, 2005, when Governale was deposed. Therefore, it was not until this date, when all the facts necessary to a cause of action pursuant to Judiciary Law § 487 were known that plaintiff's cause of action accrued. Specifically, it

---

* Contrary to the majority's assertion, a letter to the court by plaintiff's counsel dated March 20, 2004, did not accuse the defendants of collusion or deceit under Judiciary Law § 487. Instead, the letter only accused Fradd and Apollo Management of concealment in connection with an already submitted motion to dismiss and merely accused the defendants of omissions to the court in connection therewith. Accordingly, these facts do not, as argued by defendants, evince that plaintiff was aware of defendants' deception as early as March 20, 2004 so as to constitute accrual of his cause of action pursuant to Judiciary Law § 487.

was on that date that the realization that plaintiff had been deceived by Corwin occurred. Because "[a]n action is commenced by filing a summons and complaint or summons with notice" (CPLR 304 [a]), plaintiff, who filed his summons with notice on June 25, 2007, less than two years after his cause of action against defendants accrued, timely commenced this action. Defendants' motion to dismiss was therefore properly denied.

While I agree with the majority's assertion that silence on certain issues may very well constitute fraudulent concealment such that an attorney who knowingly withholds crucial information from the court violates Judiciary Law § 487 (*Schindler v Issler & Schrage*, 262 AD2d 226, 229 [1st Dept 1999], *lv dismissed* 94 NY2d 791 [1999]), I disagree that defendants' failure to apprise the court that the agreement at issue had been destroyed was crucial information such that the failure to disclose violated Judiciary Law § 487.

The facts here and those in *Schindler* are inapposite. In *Schindler*, the defendant, an attorney, who represented a client in a declaratory judgment action regarding money held in a bank account, violated Judiciary Law § 487 by failing to advise the court that the client had already been held in contempt by another court for withdrawing the very money at issue and that a judgment had been issued against the client for those sums (*id.* at 227). Certainly, this information, a prior order from another court, was crucial and would likely have been dispositive to the court in the declaratory judgment action. Thus, the failure to disclose this information to the court was, insofar as designed to alter the outcome of the litigation, fraudulent concealment in violation of Judiciary Law § 487.

By contrast, here, the allegations against defendants in plaintiff's counsel's letter dated March 24, 2004 merely accused them of failing to voluntarily disclose that an original document had been destroyed. While this document was indeed the crux of the action brought by plaintiff against Fradd and Apollo Management, defendants were under no legal obligation to disclose that it had been destroyed at that particular juncture. Certainly nothing in the CPLR required the voluntary disclosure of this information. Moreover, since the CPLR does not require the submission of original documents on a motion to dismiss, any claim that the failure to disclose here was, as in *Schindler*, designed to affect the outcome of the already submitted motion is baseless. Thus, because, here, absent a direct inquiry, defendants had no obligation to affirmatively disclose or volunteer that the original agreement had been destroyed by Fradd, any

claim of fraudulent concealment stemming from the aforementioned failure to disclose is baseless and therefore plaintiff's claim pursuant to Judiciary Law § 487 could not have accrued, as asserted by the majority, on March 20, 2004. Accordingly, I would affirm the motion court's decision.