Freedman and Román, JJ.,
dissent in a memorandum by Román, J., as follows: Because I believe that plaintiffs cause of action pursuant to Judiciary Law § 487 accrued within the three year statute of limitations prescribed by CPLR 214 (2), this action was timely commenced, the motion court properly denied defendants’ motion to dismiss, and therefore I dissent.
Pursuant to Judiciary Law § 487 an attorney who engages in “deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . [i]s guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action” (Judiciary Law § 487 [1]). While we previously held that a cause of action pursuant to Judiciary Law § 487 did not give rise to “a unique form of liability unknown at common law,” and was thus governed by a six-year statute of limitations (Guardian Life Ins. Co. of Am. v Handel, 190 AD2d 57, 62-63 [1st Dept 1993]), it is now well settled that Judiciary Law § 487 “is not a codification of a common-law cause of action for fraud. Rather, section 487 is a unique statute of ancient origin in the criminal law of England” (Amalfitano v Rosenberg, 12 NY3d 8, 14 [2009]). Accordingly, pursuant to CPLR 214 (2), a cause of action pursuant to Judiciary Law § 487 is “an action to recover upon a liability, penalty or forfeiture created or imposed by statute,” and is thus governed by a three-year statute of limitations.
Here, plaintiffs complaint, the allegations of which must be taken as true on a motion to dismiss (Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]; Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998]), alleges many instances of *502 deceit by Brandon Fradd, a principal of Apollo Management Medical Fund, L.L.C., e.g., the intentional destruction of evidence by burning the amendment which purportedly diminished plaintiff’s share of Apollo Management’s profits. However, according to the complaint, actual deceit by defendant Leslie D. Corwin, legal counsel to Fradd and Apollo Management, giving rise to plaintiff’s cause of action pursuant to Judiciary Law § 487, first occurred on January 27, 2004. On that date, Corwin, in the course of representing Fradd and Apollo Management, stated that he had contacted Jack Governale, prior counsel to Apollo Management, and had personally confirmed that the amendment that diminished plaintiff’s share of Apollo Management’s profits was authentic and had in fact been drafted by Governale. According to the complaint, however, plaintiff did not become aware that Corwin’s assertions were false until December 7, 2005 when Governale was deposed and testified that he knew nothing about the amendment at issue and that his files contained no indication of any such amendment. Plaintiff pleads that when Governale denied drafting the amendment, it then became clear that Corwin could not have verified the amendment’s authenticity with Governale as he previously represented and that therefore, Corwin, with his statements on January 27, 2004, had deceived him.
“A cause of action accrues, for the purpose of measuring the period of limitations, when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court” (Matter of Motor Veh. Ace. Indent. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 221 [1996] [internal quotation marks omitted]). Accordingly, given the allegations in the complaint, plaintiffs cause of action could not have accrued until December 7, 2005.* While Corwin’s representation on January 27, 2004 was allegedly subterfuge, which violated Judiciary Law § 487, plaintiff did not become aware of this alleged deception until December 7, 2005, when Governale was deposed. Therefore, it was not until this date, when all the facts necessary to a cause of action pursuant to Judiciary Law § 487 were known that plaintiff’s cause of action accrued. Specifically, it *503 was on that date that the realization that plaintiff had been deceived by Corwin occurred. Because “[a]n action is commenced by filing a summons and complaint or summons with notice” (CPLR 304 [a]), plaintiff, who filed his summons with notice on June 25, 2007, less than two years after his cause of action against defendants accrued, timely commenced this action. Defendants’ motion to dismiss was therefore properly denied.
While I agree with the majority’s assertion that silence on certain issues may very well constitute fraudulent concealment such that an attorney who knowingly withholds crucial information from the court violates Judiciary Law § 487 (Schindler v Issler & Schrage, 262 AD2d 226, 229 [1st Dept 1999], lv dismissed 94 NY2d 791 [1999]), I disagree that defendants’ failure to apprise the court that the agreement at issue had been destroyed was crucial information such that the failure to disclose violated Judiciary Law § 487.
The facts here and those in Schindler are inapposite. In Schindler, the defendant, an attorney, who represented a client in a declaratory judgment action regarding money held in a bank account, violated Judiciary Law § 487 by failing to advise the court that the client had already been held in contempt by another court for withdrawing the very money at issue and that a judgment had been issued against the client for those sums (id. at 227). Certainly, this information, a prior order from another court, was crucial and would likely have been dispositive to the court in the declaratory judgment action. Thus, the failure to disclose this information to the court was, insofar as designed to alter the outcome of the litigation, fraudulent concealment in violation of Judiciary Law § 487.
By contrast, here, the allegations against defendants in plaintiffs counsel’s letter dated March 24, 2004 merely accused them of failing to voluntarily disclose that an original document had been destroyed. While this document was indeed the crux of the action brought by plaintiff against Fradd and Apollo Management, defendants were under no legal obligation to disclose that it had been destroyed at that particular juncture. Certainly nothing in the CPLR required the voluntary disclosure of this information. Moreover, since the CPLR does not require the submission of original documents on a motion to dismiss, any claim that the failure to disclose here was, as in Schindler, designed to affect the outcome of the already submitted motion is baseless. Thus, because, here, absent a direct inquiry, defendants had no obligation to affirmatively disclose or volunteer that the original agreement had been destroyed by Fradd, any *504 claim of fraudulent concealment stemming from the aforementioned failure to disclose is baseless and therefore plaintiff’s claim pursuant to Judiciary Law § 487 could not have accrued, as asserted by the majority, on March 20, 2004. Accordingly, I would affirm the motion court’s decision.

 Contrary to the majority’s assertion, a letter to the court by plaintiffs counsel dated March 20, 2004, did not accuse the defendants of collusion or deceit under Judiciary Law § 487. Instead, the letter only accused Fradd and Apollo Management of concealment in connection with an already submitted motion to dismiss and merely accused the defendants of omissions to the court in connection therewith. Accordingly, these facts do not, as argued by defendants, evince that plaintiff was aware of defendants’ deception as early as March 20, 2004 so as to constitute accrual of his cause of action pursuant to Judiciary Law § 487.