Orders, Supreme Court, New York County (Milton A. Tingling, J.), entered April 17, 2012 and April 18, 2012, which denied defendants-appellants’ motions pursuant to CPLR 3211 and 3212 and defendant Steinhardt Management’s motion for sanctions against plaintiff, unanimously reversed, on the law, without costs, the motions granted, and the matter remanded for a determination of the appropriate attorneys’ fees. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them. Order, same court and Justice, entered May 16, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiffs motion for sanctions against nonparty Robert Cantor Esq., and to disqualify Cantor and Cantor, Epstein, & Mazzola LLP from representing Feldman and Sonnenschein, Sherman & Deutsch, LLR unanimously affirmed, without costs. Order, same court and Justice, entered April 17, 2012, which granted Cantor’s motion to quash a subpoena, unanimously affirmed, without costs.
In 2003, plaintiff, a shareholder-tenant in the cooperative located at 176 West 87th Street in Manhattan, commenced an action (the 2003 action) against defendant 176 W. 87th Street Owners Corp., among others, alleging that in late 1999 he began complaining to defendant Paul Gottsegen, the managing agent, that his apartment was being made uninhabitable by odors entering it from a restaurant on the ground floor of the building. He alleged that his complaints were ignored and that although the Department of Environmental Protection issued several violations based on the odors, defendants failed to ameliorate the problem, which forced him to sell his apartment. *599 The complaint in this action, commenced in July 2011, centers on the allegations that defendants provided false letters to the Environmental Control Board about who was authorized to represent the cooperative in defending against the violations, that the letters later disappeared, and that defendants acted to conceal the existence of the letters.
The prima facie tort cause of action fails to allege that defendants, or any of them, acted solely to injure plaintiff (see WFB Telecom, v NYNEX Corp., 188 AD2d 257, 258 [1st Dept 1992], lv denied 81 NY2d 709 [1993]). It also fails to allege special damages that are specific and measurable (see id.; Wehringer v Helmsley-Spear, Inc., 91 AD2d 585, 586 [1st Dept 1982], affd 59 NY2d 688 [1983]). In any event, the limitations period for a claim of prima facie tort is one year (Havell v Islam, 292 AD2d 210 [1st Dept 2002]). The complaint does not clearly set forth exactly when defendants engaged in the acts giving rise to the cause of action, but, whether it was in the years preceding the commencement of the 2003 action or during the pendency of that action, the limitations period had expired by July 2011, when plaintiff commenced this action.
The fraud cause of action is not pleaded with the requisite detail (see CPLR 3016 [b]; Small v Lorillard Tobacco Co., 252 AD2d 1, 15 [1st Dept 1998], affd 94 NY2d 43 [1999]). Plaintiff alleges that he relied to his detriment on defendants’ false representations as to the authorization to defend, but he does not identify false representations of material facts on which he relied, the alleged representations were not all made to him, and he does not explain how he relied on them. As to defendants’ representations about efforts undertaken to ameliorate the odors in his apartment, plaintiff does not allege what was said to him. Moreover, he could not have reasonably relied on those representations, given that he was litigating against defendants, and he could not have been harmed by them, given that the violations were sustained after an administrative hearing.
In any event, the fraud claim is barred by the statute of limitations, which is the greater of six years from the date the cause of action accrued or two years from the time the plaintiff discovered the fraud (CPLR 213 [8]). Plaintiffs cause of action accrued some time before 2003, when he was involved in the various administrative proceedings and before he sold his apartment. To the extent he may later have discovered improprieties in connection with the authorization letters, that discovery preceded the commencement of this action by more than two years.
*600 Plaintiff concedes that his Judiciary Law § 487 cause of action is inapplicable to 176 W. 87th St Owners Corp. and Steinhardt Management, neither of which is an attorney. As to the attorney defendants, the cause of action fails to allege that plaintiff suffered any injury proximately caused by any deceit or collusion on their part, and no such injury can reasonably be inferred from the allegations in the complaint (Seldon v Spinnell, 95 AD3d 779 [1st Dept 2012], lv denied 20 NY3d 857 [2013]; Rozen v Russ & Russ, P.C., 76 AD3d 965 [2d Dept 2010]). To the extent the Judiciary Law § 487 cause of action is based on conduct that occurred before 2005, it is in any event barred by the six-year statute of limitations (see Guardian Life Ins. Co. of Am. v Handel, 190 AD2d 57, 62 [1st Dept 1993]).
We find that the complaint is without merit and apparently was undertaken to harass defendants (see Great Am. Ins. Cos. v Bearcat Fin. Servs., Inc., 90 AD3d 533 [1st Dept 2011], lv dismissed 18 NY3d 951 [2012]). Accordingly, an award of attorneys’ fees to Steinhardt is appropriate, and we remand the matter for a determination of the amount of fees incurred.
Contrary to his contention, plaintiff failed to establish that Cantor made material factual statements that were false or in direct conflict with his client’s testimony and should be sanctioned therefor. Nor did plaintiff establish any basis for disqualifying Cantor and his firm from representing Feldman and Sonnenschein, Sherman & Deutsch, LLP
The court properly granted Cantor’s motion to quash the subpoena served on him, since it sought documents and testimony protected by the attorney-client privilege.
We have considered plaintiffs other arguments and find them unavailing. Concur—Gonzalez, PJ., Friedman, Moskowitz and Feinman, JJ.