Order, Supreme Court, New York County (Ellen M. Coin, J.), entered November 19, 2012, which granted so much of defendants’ motion as sought to dismiss the first, third and fourth causes of action and denied so much of the motion as sought to dismiss the second cause of action, unanimously affirmed, with costs against defendants.
Defendants argue that the second cause of action, which seeks an accounting, is based on breach of fiduciary duty, in light of the attorney-client relationship, and seeks money damages, and is therefore barred by the three-year statute of limitations set forth in CFLR 214 (6). They improperly raised this argument for the first time in reply on their motion (see Caribbean Direct, *458 Inc. v Dubset LLC, 100 AD3d 510 [1st Dept 2012]). In any event, the argument is unavailing. Plaintiffs claim for an accounting so that he can recoup disbursements allegedly improperly charged against his jury award has little to do with whether defendants performed their legal services in a non-negligent manner (see Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co.], 3 AD3d 143 [1st Dept 2004], affd 3 NY3d 538 [2004]). It has to do with whether defendants owe plaintiff a fiduciary duty to account for money or property allegedly belonging to him, and is therefore governed by the “residual” six-year statute of limitations set forth in CPLR 213 (1) (see Hartnett v New York City Tr. Auth., 86 NY2d 438, 443 [1995]; Bouley v Bouley, 19 AD3d 1049, 1051 [4th Dept 2005]).
The first cause of action, alleging legal malpractice, accrued at the time that plaintiffs appeal from the order that granted summary judgment dismissing his underlying Labor Law claims was dismissed for want of prosecution, in July 2006, notwithstanding his lack of knowledge of the dismissal (see McCoy v Feinman, 99 NY2d 295, 301 [2002]). Plaintiff then had three years to commence a malpractice action against defendants (see CPLR 214 [6]), absent an applicable ground for tolling the limitations period. He did not commence this action until March 2012.
Plaintiff relies on the continuous representation doctrine. However, in June 2008, defendants sent him a letter enclosing the Second Department’s affirmance of the underlying judgment and formally closing their representation of him. The letter, which plaintiff did not object to, demonstrates that the parties lacked “a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim” (see Williamson v PricewaterhouseCoopers LLP, 9 NY3d 1, 9-10 [2007] [internal quotation marks omitted]). Even accepting that defendants concealed from plaintiff the fact that his appeal was dismissed as abandoned, their letter placed him on notice that his attorney-client relationship with them had ended.
Plaintiff also relies on the doctrine of equitable estoppel to preclude defendants from pleading the statute of limitations defense. However, application of that doctrine would be inappropriate, since, despite his notice of the conclusion of defendants’ representation of him in the underlying action, plaintiff failed to exercise reasonable diligence to ascertain whether his appeal from the dismissal of his Labor Law claims was still viable (see Pahlad v Brustman, 8 NY3d 901 [2007]). In any event, defendants’ alleged mere silence as to the abandonment of the *459 appeal is insufficient to invoke the doctrine of equitable estoppel (see Ross v Louise Wise Servs., Inc., 8 NY3d 478, 491-492 [2007]).
We note that the complaint also fails to state a cause of action for malpractice, since it does not plead that but for defendants’ alleged negligence in failing to prosecute the appeal from the dismissal of the Labor Law claims plaintiff would have prevailed on the claims (see e.g. Waggoner v Caruso, 14 NY3d 874 [2010]; Lieblich v Pruzan, 104 AD3d 462 [1st Dept 2013]).
The fourth cause of action, which alleges a violation of Judiciary Law § 487, is untimely because it was asserted more than three years after plaintiff received defendants’ June 2008 letter (see CPLR 214 [2]; Melcher v Greenberg Traurig, LLP, 102 AD3d 497 [1st Dept 2013]). We note also that the complaint fails to state a cause of action under the statute, since it does not allege that plaintiff suffered any injury proximately caused by any deceit or collusion on counsel’s part, and no such injury can reasonably be inferred from the allegations (see Bohn v 176 W. 87th St. Owners Corp., 106 AD3d 598, 600 [1st Dept 2013], lv dismissed in part, denied in part 22 NY3d 909 [2013]).
We have considered the parties’ remaining arguments for affirmative relief and find them unavailing. Concur — Andrias, J.P, Acosta, Saxe, Renwick and Manzanet-Daniels, JJ.