■ In the Matter of JOHN McCLAVE, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents. [21 NYS3d 214]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered July 18, 2014, denying the petition seeking to annul the determination of respondent Port Authority of New York and New Jersey, dated September 24, 2013, which terminated petitioner's employment as a police captain, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Respondent's determination to terminate petitioner's employment based on his arrests, on separate dates, for driving while intoxicated and assault, and his subsequent guilty pleas for driving while intoxicated and breach of the peace, was not arbitrary and capricious, or in violation of lawful procedure (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231, 240 [1974]), and the penalty does not shock the conscience (*id.* at 240). It is for the agency, not the court to determine the seriousness of petitioner's conduct and its effect on the atmosphere of the Port Authority (*see Matter of Malverty v Waterfront Commn. of N.Y. Harbor*, 133 AD2d 558, 561 [1st Dept 1987], *affd* 71 NY2d 977 [1988]).

Contrary to petitioner's contention, the Port Authority substantially followed its own procedures in executing disciplinary policies against him (*see Matter of Hanchard v Facilities Dev. Corp.*, 85 NY2d 638, 640 [1995]). The proper procedure was AI 20-1.11, which applies to "unclassified professional and managerial employees," such as petitioner, and other than the reference to AI 20-1.10 in the June 11, 2012 memorandum, petitioner's disciplinary proceeding was conducted in accordance with this regulation. It was not impermissible for the Inspector General to recommend petitioner's continued suspension without pay, even if he did so pursuant to AI 20-1.10, because suspension without pay was permissible under either section.

Equally unavailing is petitioner's contention that the Port Authority ignored its own precedent and treated him differently than seventeen other Port Authority police officers, as only two of these officers were in commanding positions, and only one—who received two DUIs, hit multiple police vehicles, and assaulted another police officer—was permitted to retire with a "meaningful" pension and benefits. Petitioner, however,

was made the same offer, i.e., to retire or be removed from his position. While petitioner disputes the use of his past violations in the final determination, it is petitioner who raised this issue during the administrative hearing.

Petitioner's argument that the Port Authority ignored its own rules in its investigation was improperly raised for the first time in reply (*see McDonald v Edelman & Edelman, P.C.*, 118 AD3d 562 [1st Dept 2014]). Concur—Tom, J.P., Sweeny, Andrias and Gische, JJ.