■ In the Matter of Ibrahim Donmez, Appellant, v New York City Department of Consumer Affairs et al., Respondents. [33 NYS3d 19]—

Appeal from order, Supreme Court, New York County (Cynthia S. Kern, J.), entered March 12, 2014, which denied the petition brought pursuant to CPLR article 78 challenging the determination of respondent Department of Consumer Affairs (DCA), dated September 19, 2013, to suspend petitioner's pedicab driver license for failure to pay fines, if he did not pay

the fines by September 29, 2013, without a further hearing, unanimously dismissed, without costs, as moot.

As petitioner has since paid his fines and his pedicab driver license has been restored, and he will suffer no consequences as a result of the dismissal of this appeal, the appeal is moot. Nor is there is a justiciable controversy pending in connection with which this Court may issue declaratory relief (see American Ins. Assn. v Chu, 64 NY2d 379 [1985], cert denied 474 US 803 [1985]).

In any event, the article 78 court correctly found that DCA's determination was not arbitrary and capricious or made in violation of any lawful procedure (see Matter of McClave v Port Auth. of N.Y. & N.J., 134 AD3d 435 [1st Dept 2015]), and was not unconstitutional. DCA is "authorized to suspend the license of any person pending payment of [a] fine or civil penalty [imposed by the commissioner]" (see Administrative Code § 20-104 [e] [3]), and the administrative record makes clear that there was a rational basis for the suspension of petitioner's license. Petitioner was given ample notice that the stay of enforcement he obtained terminated upon the denial of his appeal and that payment was then required to avoid the suspension of his license. Further, petitioner received procedural due process in connection with the fines and suspension. Concur—Mazzarelli, J.P., Andrias, Richter, Manzanet-Daniels and Kahn, JJ.