HUGH GETTY, Inc., v. CAUCHOIS.

(Supreme Court, Appellate Division, First Department. December 16, 1910.)

BILLS AND NOTES (§ 446*)—ACTIONS—TIME OF ACCRUAL OF RIGHT.

    A series of notes, payable by their terms one each month, were executed to defendant, secured by a mortgage, providing that on default in payment of any one of them all should become due at his option. He indorsed part only of them to plaintiff. *Held* that, though plaintiff was entitled to the benefit pro tanto of the security, not only could he not declare the whole debt due without the concurrence of the holder of the other notes, but that in any case the exercise of the right would not entitle him to sue defendant before the notes were due by their terms; the agreement between plaintiff and defendant being represented by the terms of the notes.

    [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 446.*]

Appeal from Trial Term, New York County.

Action by Hugh Getty, Incorporated, against Frederick A. Cauchois. From a judgment for plaintiff on a verdict directed after trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

J. Harry Snook, for appellant.
William M. Mullen, for respondent.

SCOTT, J. Appeal by defendant from a judgment entered upon a directed verdict. The action is by an indorsee against an indorser of certain promissory notes, none of which by their terms were due and payable when the action was commenced, and the sole question involved is whether or not the action was prematurely brought.

In October, 1908, the defendant, being indebted to plaintiff, paid him a certain sum in cash and gave him 22 promissory notes (of which 21 are embraced in this action), made by the Black Realty Company to its own order, indorsed by it, and, in turn, indorsed by the defendant. These notes were for $250 each and payable at intervals of one month, beginning November 1, 1909. These notes constituted part of an issue of 34 similar notes by the said Black Realty Company, all of which had originally been delivered to defendant. To secure the payment of these 34 notes the Black Realty Company had executed to defendant a mortgage upon real property, which contained the following clause:

"It is hereby expressly agreed that the whole of the said principal sum and all of the unpaid promissory notes shall become due at the option of the said party of the second part (defendant herein) after default in payment of any of said promissory notes for twenty days."

It is alleged that the Black Realty Company defaulted in the payment of three of the notes made by it, not among those held by plaintiff, whereupon plaintiff elected to declare all of the notes due and payable, and sued·defendant as indorser. It is not easy to see upon what theory the plaintiff claims the right to accelerate the due date of defendant's indebtedness. The relation between plaintiff and defendant is that of indorsee and indorser, and the only contract between them is that evidenced by the notes, which specify the date upon which defendant's obligation to pay will mature. The plaintiff seems to consider that in some way he is entitled to exercise the option given to defendant by the terms of the mortgage. Undoubtedly the security follows the debt, and plaintiff, having acquired part of the debt owed by the Black Realty Company, is entitled to the benefit pro tanto of the security. If it had acquired all of the notes, it may be that it would have stood in defendant's shoes and been entitled as against the Realty Company to declare all the notes due. But it does not and never has held all the notes, and has no better right to deal with the security than the holders of the other notes have, and without their concurrence had no right to undertake to declare the whole debt presently due. Shaw v. Wellman, 59 Hun, 447, 13 N. Y. Supp. 527; Cresco Realty Co. v. Clark, 128 App. Div. 144, 112 N. Y. Supp. 550; Mallory v. West Shore R. R. Co., 35 N. Y. Super. Ct. 174.

But even if plaintiff had acquired the right, as against the Black Realty Company, to declare the whole debt due, so as to resort to the security, the exercise of that right would not have affected the agreement between plaintiff and defendant, which was represented by the terms of the notes.

It follows that the action was prematurely brought, and the judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.