■ RED GROVE SOCIAL CLUB, INC., Respondent, v. CITY OF YONKERS et al., Appellants.— In an action to enjoin interference with the operation of a social club and for other relief, defendants appeal from an order of the Supreme Court, Westchester County, dated March 25, 1969, which granted plaintiff's motion for a preliminary injunction. Order modified, on the law and the facts and in the exercise of discretion, by (1) inserting into the first decretal paragraph, after the word "granted", the phrase "only to the extent directed herein,"; (2) striking out the second decretal paragraph and substituting therefor the following: "ORDERED that The City of Yonkers and its agents be and they are hereby restrained and enjoined only from interfering with the efforts of the plaintiff, Red Grove Social Club, Inc., to correct the alleged violations of the Fire Prevention Code of the City of Yonkers, and it is further"; and (3) adding the following as a fourth decretal paragraph: "ORDERED that this action be given a trial preference and be tried forthwith." As so modified, order affirmed, without costs. The case is remanded to the court below for further proceedings in accordance herewith. The circumstances require that the defendant city be permitted to enforce its Fire Prevention Code. Thus, the preliminary injunction should have been granted only to the extent of permitting plaintiff to correct the alleged violations of the code. An immediate trial of the action should be had. Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ., concur.

■ TOMASELLO BROS. INC., Appellant, v. JACOB W. FRIEDMAN et al., Respondents.— Order of the Supreme Court, Nassau County, dated July 16, 1968, which resettled a prior order dated May 28, 1968, affirmed. No opinion. Appeal from order of said court dated May 28, 1968 dismissed as academic. That order was superseded by the order of resettlement, dated July 16, 1968. One bill of $10 costs and disbursements is allowed to respondents to cover both appeals. Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur. [57 Misc 2d 817.]

■ WILLIAM YOUNG, Respondent-Appellant, v. FOREST HILLS GENERAL HOSPITAL, Respondent, and SAMUEL HENKEN, Appellant-Respondent.— Appeal by defendant Henken, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County, dated November 15, 1966, as is against him and in favor of plaintiff. Judgment affirmed insofar as appealed from by said defendant, with costs. Plaintiff cross-appealed from so much of the judgment as is in favor of defendant Forest Hills General Hospital and, on the ground of inadequacy, from the portion of the judgment against defendant Henken; and the defendant Hospital made a motion to dismiss the cross appeal as to it, following which a written stipulation, dated February 5, 1969, was made withdrawing the cross appeal as to the defendant Hospital. The cross appeal as to both defendants is herewith deemed withdrawn and abandoned, without costs, as to the Hospital upon the stipulation and as to defendant Henken because plaintiff's brief makes no contention with respect thereto. In our opinion there was full and complete cross-examination of plaintiff's expert witness. His failure to return for the completion of his redirect examination and for recross-examination was impliedly acquiesced in by defense counsel in their failure to seek a direction for his return the following day in the face of the probability that he would not otherwise reappear. Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.