OPINION OF THE COURT
 

 Wachtler, J.
 

 In October, 1968, 20 stock certificates, representing 2,000 shares of Standard Oil of Indiana, were stolen from the New
 
 *502
 
 York offices of W. E. Hutton and Company, a New York brokerage firm. Later that month, defendant E. W. Smith Company, a Pennsylvania corporation not then registered to do business in New York, allegedly obtained those certificates through a Philadelphia bank and sold them, on behalf of one of Smith’s customers, to two Philadelphia brokerage houses.
 

 In 1970, the plaintiff in this case, United States Fidelity and Guaranty Company (a Maryland corporation), brought an action against Smith in Supreme Court, New York County, alleging that it, Fidelity, was the subrogee of Hutton, having paid Hutton for its loss under an insurance bond, and that Smith had converted the certificates stolen from Hutton by transferring them to the Philadelphia brokerage firms. In personam jurisdiction over Smith was predicated upon CPLR 302 (subd [a], par 2, commission of a tort in New York). Special Term dismissed the complaint in that case on the ground that Smith had committed no tort in New York, and there had been no allegation of facts sufficient to show how Smith could be brought within the jurisdiction of the court. The order and judgment of Special Term were unanimously affirmed by the Appellate Division
 
 (United States Fid. & Guar. Co. v Coca-Cola Co.,
 
 54 AD2d 550), and a subsequent motion for leave to appeal to this court was dismissed as untimely (40 NY2d 808, 1080).
 

 In November of 1974 Smith registered to do business in New York as a broker-dealer pursuant to article 23-A of the General Business Law and subsequently filed additional statements and notices pursuant to section 359-e of the General Business Law.
 

 Claiming that the courts of this State acquired personal jurisdiction over Smith by its registration to do business, Fidelity, in June of 1977 brought the present action stating the same claim for conversion alleged in the earlier suit.
 

 Upon a motion by Smith pursuant to CPLR 3211 (subd [a]), Special Term dismissed the complaint on the ground that the cause of action in conversion was barred by the applicable Statute of Limitations (CPLR 214). The Appellate Division unanimously affirmed, and we granted leave to appeal.
 

 The issue, broadly framed, is whether this action is barred by the Statute of Limitations. Since an action for conversion must be commenced within three years (CPLR 214) this suit would be barred unless the running of the statutory time period has been tolled. Fidelity maintains that the Statute of
 
 *503
 
 Limitations was tolled at least until November 18, 1974, the earliest date that Smith could be deemed to have come into New York by complying with the requirements of article 23-A of the General Business Law,
 
 [1]
 
 and that this action was therefore timely commenced.
 

 As is here relevant, CPLR 207 provides: "If, when a cause of action accrues against a person, he is without the state, the time within which the action must be commenced shall be computed from the time he comes into or returns to the state.” Long before the words "he comes into or” were included as a part of section 19 of the Civil Practice Act (L 1943, ch 263), the predecessor statute to CPLR 207, it had been judicially established that section 19 of the Civil Practice Act and its tolling provisions were applicable to a situation in which a foreign defendant was not in New York either prior to or during the occurrence upon which the cause of action was predicated (see
 
 Meyers v Credit Lyonnais;
 
 259 NY 399;
 
 National Sur. Co. v Ruffin,
 
 242 NY 413, and cases cited therein). The amendment of section 19 of the Civil Practice Act so as to include those words was specifically intended to codify this well-established rule (1943 Report of NY Law Rev Comm, 127, 135, 166-167), and the wording of the present statute clearly indicates that rule’s continued vitality. Accordingly, CPLR 207 is applicable and renders the present action timely.
 

 It is urged, however, that if CPLR 207 is applicable, it must be read in conjunction with CPLR 202.
 
 [2]
 
 Smith notes that the cause of action accrued "without the state” (in Pennsylvania), and that the plaintiff, Fidelity, is a Maryland corporation rather than "a resident of [this] state”. Smith argues, therefore, that as between the New York and Pennsylvania Statutes of Limitations, the shorter net period is applicable (see Siegel, New York Practice, § 57, p 58), and that inasmuch as the six-year Pennsylvania statutory period (see Pa Stat Ann, tit 12, § 31) has expired, this action is time-barred.
 

 
 *504
 
 This argument is premised on the assertion that Fidelity as a foreign corporation, cannot take advantage of the exception in CPLR 202 favoring New York residents, but must be relegated to the shorter of the two applicable limitations periods. Inasmuch as this premise is incorrect, Smith’s argument must be rejected.
 

 It is the very essence of subrogation that a subrogee stands in the shoes of the subrogor and is entitled to all of the latter’s rights, benefits and remedies (see, generally, 57 NY Jur, Subrogation, § 26). Fidelity, as the subrogee of Hutton (a New York partnership), is therefore entitled, as Hutton would have been, to invoke the exception in CPLR 202, and it is therefore the tolled New York Statute of Limitations that is applicable.
 

 Moreover, aside from general principles of subrogation, the very language of CPLR 202 mandates a determination that it is Hutton’s residency, rather than Fidelity’s, which is crucial to the application of the statutory exception favoring "residents” of this State. CPLR 202 provides for the application of the shorter of the two limitations periods in question "except * * * where the cause of action
 
 accrued
 
 in favor of a resident of the state” (emphasis added), in which case the New York period is applicable. The critical factor is, therefore, the residency of the person in whose favor the cause of action accrued (cf.
 
 Cellura v Cellura,
 
 24 AD2d 59;
 
 Korn v Merrill,
 
 403 F Supp 377). This becomes even more apparent by noting the language used in section 13 of the Civil Practice Act, the predecessor statute to CPLR 202. That statute provided for the "borrowing” of a shorter foreign Statute of Limitations "except that where the cause of action
 
 originally
 
 accrued in favor of a resident of this state” (emphasis added). No substaptive change was intended by the omission of the word "originally” in the current statute (NY Advisory Commission on Practice and Procedure, 2d Preliminary Report 46 [1958]).
 

 Therefore, inasmuch as the cause of action in this case did
 
 accrue
 
 in favor of a New York resident (Hutton), the New York Statute of Limitations, as tolled, is applicable, and the action was therefore timely commenced.
 

 Finally, Smith argues that inasmuch as this action was not commenced within six months after the termination of Fidelity’s prior action, it is barred by the provisions of CPLR 205
 
 *505
 
 (subd [a]).
 
 [3]
 
 This contention is without merit. CPLR 205 (subd [a]) was designed to effect a grace period so as to extend, if applicable, the time within which an action can be commenced. It serves the salutary purpose of preventing a Statute of Limitations from barring recovery where the action, at first timely commenced, had been dismissed due to a technical defect which can be remedied in a new action (see
 
 Graziano v Pennell,
 
 371 F2d 761). Where, as here, the statutory time limit has not expired, due to a toll or otherwise, this section cannot be applied in such a way as to shorten the period otherwise available to the plaintiff (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 205:5, p 198).
 

 Accordingly, the order appealed from should be reversed, and the motion to dismiss the complaint denied.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Fuchsberg concur with Judge Wachtler.
 

 Order reversed, with costs, and defendant’s motion to dismiss the complaint denied.
 

 [1]
 

 . We do not decide whether compliance with that article affords a basis for in personam jurisdiction, that issue not having been properly raised or preserved' for our review.
 

 [2]
 

 . "§ 202. Cause of action accruing without the state.
 

 "An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.”
 

 [3]
 

 . "§ 205. Termination of action, (a) New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies, and the cause of action survives, his executor or administrator, may commence a new action upon the same cause of action within six months after the termination.”