■ JANET A. MILLER, Appellant, v ROBERT C. MILLER, Respondent. — In an action, *inter alia,* to vacate and set aside a stipulation of settlement and the judgment of divorce entered in accordance therewith, plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), dated August 27, 1982, which granted defendant's motion pursuant to CPLR 3211 (subd [a]) to dismiss the action on the basis of documentary evidence and that an appeal was pending before this court with respect to the same matter. Order affirmed, without costs or disbursements. On December 18, 1980 a judgment of dual divorce was entered on the grounds of defendant's adultery, and the cruel and inhuman treatment of the defendant by the plaintiff. The terms of the divorce decree were entered pursuant to a stipulation entered on the record in open court following several days of trial. At the time the stipulation was agreed upon, both parties were represented by counsel. Plaintiff filed a notice of appeal from the judgment of divorce. This court, by order dated February 22, 1982, dismissed the appeal upon defendant's motion, and without opposition from plaintiff, for failure to prosecute the appeal in a timely manner. In the interim, plaintiff had commenced this action, *inter alia,* to set aside the stipulation and judgment of divorce on the ground that the stipulation and her consent thereto were obtained by defendant's misrepresentations and fraud. Thereafter, defendant moved pursuant to CPLR 3211 (subd [a]) to dismiss the complaint. Special Term granted defendant's motion and this appeal ensued. Generally, the effectiveness of a judgment may not be impeached in another lawsuit (see, e.g., *Mitchell v Insurance Co.,* 40 AD2d 873; *Kology v Maplewood Homes,* 36 AD2d 538). However, at common law collateral attack could be made upon the basis of "extrinsic" fraud (*Crouse v McVickar,* 207 NY 213; *Tomasello Bros. v Friedman,* 57 Misc 2d 817, 818-819, affd 32 AD2d 652). Having chosen to pursue the independent action route, it was incumbent upon plaintiff to make a prima facie showing of extrinsic fraud in the procurement of

either the stipulation or the judgment of divorce. Plaintiff has failed to make the requisite showing. Accordingly, the order of Special Term granting defendant's motion to dismiss was proper. Thompson, J. P., O'Connor, Weinstein and Bracken, JJ., concur.