■ Eileen Boyea, Respondent, v Glenn T. Fiore Sr., as Parent and Natural Guardian of Glenn T. Fiore Jr., an Infant, Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered August 30, 1989 in Essex County, which, *inter alia,* denied defendant's motion to dismiss the complaint.

This action was initially commenced by service of a summons with notice on defendant on January 5, 1989. By order dated May 8, 1989, Supreme Court dismissed the action "without prejudice to the plaintiff to institute another action, if so advised", for failure to timely serve a complaint following demand therefor. Plaintiff recommenced the action in June 1989 by service of a summons and verified complaint alleging causes of action sounding in battery and negligence arising out of an August 23, 1988 incident in which defendant's son is alleged to have struck and injured plaintiff. Defendant thereafter moved to dismiss the action as barred by Supreme Court's prior order of dismissal and CPLR 205 (a). Supreme Court denied the motion, and defendant appeals.

We affirm. There is no question that where an action is terminated by dismissal of the complaint for neglect to prosecute, the plaintiff is not entitled to the six-month extension of

CPLR 205 (a). However, that statutory provision has no application in this case because the Statute of Limitations had not run on either of the causes of action alleged in the complaint *(see,* CPLR 214 [5] [three-year statute in negligence action]; CPLR 215 [3] [one-year statute in battery action]). "Where, as here, the statutory time limit has not expired * * * [CPLR 205 (a)] cannot be applied in such a way as to shorten the period otherwise available to the plaintiff" *(United States Fid. & Guar. Co. v Smith Co.,* 46 NY2d 498, 505; *see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C205:5, at 319).

Mahoney, P. J., Casey, Weiss and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.