■ DAVID J. ROTH et al., as Cotrustees of the Trust Created by JANET ROTH, Appellants, v MANUFACTURERS HANOVER TRUST COMPANY, Respondent.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered June 19, 1990, which granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiffs' cross-motion for partial summary judgment, unanimously affirmed, with costs.

As both co-trustee and beneficiary of the trust, plaintiff David Roth had the authority, albeit limited in some respects, to invade the principal of the trust consisting of several hundred thousand shares of Gulf & Western Industries, Inc. preferred. Roth delivered 15,525 of these shares to the defendant bank in or around 1982, which were used as collateral against substantial loans made to him personally, as well as to various entities of which he was principal and whose debt he

personally guaranteed. Several months later, when Gulf & Western offered a 2.5/1 conversion of preferred stock for common, Roth, as trustee, authorized defendant to convert the shares in its possession, with the result that defendant then held over 38,000 shares of Gulf & Western common stock, as collateral against Roth's indebtedness. Subsequently, in or around 1987, defendant sold the shares and applied the $2,777,370.12 of net proceeds to reduce Roth's obligations. Plaintiffs sue to recover the shares, or alternatively for damages.

To the extent that the complaint may be said to sound in conversion and breach of fiduciary duty, it is barred by the three-year Statute of Limitations (CPLR 214), since the December 28, 1983 letter from plaintiffs' counsel, asserting that the shares are trust property, is merely a memorandum evidencing a prior demand by both trustees for return of the stock certificates and defendant's refusal to do so. To the extent that the complaint may be said to sound in unjust enrichment, a claim raised by plaintiffs for the first time on appeal, it lacks merit, since the additional shares received by defendant on behalf of plaintiffs as a result of the conversion represented merely the equivalent of what defendant already had in its possession as collateral for the loans.

Plaintiff Roth was clothed with apparent authority to pledge the stock made possible, in part, by the stock power he and his co-trustee and co-plaintiff signed, in blank, in 1978, and allowed defendant to retain. The will clearly gave Roth the right to invade the trust principal as either beneficiary or co-trustee and, as trustee, he was, under Article XIX of the will, clothed with the authority to borrow money from other parties and to provide security therefor. Moreover, under Article XX of the will, the grantor provided that, "No person dealing with my Executors or my Trustees shall be bound * * * to inquire into the authority for or propriety of any action by my Executors or my Trustees." Accordingly, there is no basis to hold defendant liable for any actions taken by Roth beyond his authority under the will.

We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Murphy, P. J., Carro, Milonas and Kassal, JJ.