■ HYOWON KIM, Respondent, v ALVIN CRUZ et al., Appellants, et al., Defendant. [941 NYS2d 869]—

In an action to recover damages for personal injuries, the defendants Alvin Cruz and Mercedes Benz USA appeal from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered January 14, 2011, which denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured on October 20, 2007, when she was struck, in an intersection, by a car driven by the defendant Alvin Cruz and owned by the defendant Mercedes Benz USA (hereinafter together the appellants). The plaintiff initially commenced an action to recover damages for negligence in the United States District Court for the Southern District of New York (hereinafter the District Court). After discovery, the District Court dismissed the action for failure to prosecute. On April 28, 2010, before the expiration of the three-year statute of limitations (*see* CPLR 214), the plaintiff commenced the instant action in the Supreme Court, Queens County, based upon the same allegations. The appellants moved to dismiss the complaint as time-barred.

CPLR 205 (a) is a tolling provision, which "serves the salutary purpose of preventing a Statute of Limitations from barring recovery where the action, at first timely commenced, had been dismissed due to a technical defect which can be remedied in a new action" (*United States Fid. & Guar. Co. v Smith Co.*, 46 NY2d 498, 505 [1979]; *see generally Matter of Billman v Port Jervis School Dist.*, 84 AD3d 1367, 1370 [2011]; *Franchise Acquisitions Group Corp. v Jefferson Val. Mall Ltd. Partnership*, 73 AD3d 1123, 1124 [2010]; *Sullivan v Nimmagadda*, 63 AD3d 908, 908-909 [2009]). Although the appellants are correct that the six-month extension provided by CPLR 205 (a) is not available to a plaintiff whose prior action was dismissed for neglect to prosecute, the provision has no application in this case, in which the statute of limitations has yet to expire (*see Boyea v Fiore*, 176 AD2d 1003, 1003-1004 [1991]). "Where, as here, the statutory time limit has not expired, due to a toll or otherwise, this section cannot be applied in such a way as to shorten the period otherwise available to the plaintiff" (*United States Fid. & Guar. Co. v Smith Co.*, 46 NY2d at 505; *see Boyea v Fiore*, 176 AD2d at 1004). Accordingly, the Supreme Court properly denied the appellants' motion to dismiss the complaint as time-barred.

The appellants' remaining contentions are not properly before this Court, as they are raised for the first time on appeal. Skelos, J.P., Eng, Belen and Cohen, JJ., concur.