■ RAYMOND L. BONILLA, Respondent, v TUTOR PERINI CORPORATION et al., Appellants. [20 NYS3d 537]—In an action to recover

damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated February 10, 2014, as granted the plaintiff's motion pursuant to CPLR 306-b for leave to extend the time to serve the summons and complaint, and denied the defendants' cross motion pursuant to CPLR 205 (a) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendants' contention, CPLR 205 (a) does not bar the instant action. After the dismissal of a previous action without prejudice, the plaintiff commenced the instant action within the applicable limitations period (*see* CPLR 214 [5]; *see also* Judiciary Law § 282). The six-month period in CPLR 205 (a) is not a limitations period but a tolling provision, which has no application where, as here, the statute of limitations has not expired at the time the second action is commenced (*see United States Fid. & Guar. Co. v Smith Co.*, 46 NY2d 498, 505 [1979]; *Hyowon Kim v Cruz*, 94 AD3d 820, 821 [2012]; *Schindler v Issler & Schrage*, 262 AD2d 226, 227 [1999]). Accordingly, the defendants' cross motion pursuant to CPLR 205 (a) was properly denied.

Further, under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in finding, in effect, that the time for service of process should be extended in the interest of justice (*see* CPLR 306-b; *Wilson v City of New York*, 118 AD3d 983, 984 [2014]; *DiBuono v Abbey, LLC*, 71 AD3d 720, 720-721 [2010]; *Beauge v New York City Tr. Auth.*, 282 AD2d 416 [2001]).

The defendants' remaining contentions are without merit. Hall, J.P., Roman, Sgroi and Hinds-Radix, JJ., concur.