■ FLORENCE SISTO LOSCALZO, as Administrator of the Estate of JENNIE SISTO, Appellant, v 507-509 PRESIDENT STREET TENANTS ASSOCIATION HOUSING DEVELOPMENT FUND CORPORATION et al., Respondents. [57 NYS3d 427]—

In an action for a judgment declaring that the estate of Jennie Sisto is the owner of a stock certificate representing ownership of a cooperative apartment, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated June 16, 2016, which denied her motion for a preliminary injunction and granted the defendants' cross motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In March 2016, the plaintiff, as administrator of her mother's estate, commenced this action seeking a judgment declaring that the estate is the owner of a stock certificate representing ownership of a cooperative apartment located at 507-509 President Street in Brooklyn. The plaintiff alleged that the defendant 507-509 President Street Tenants Association Housing Development Fund Corporation (hereinafter HDFC) and two of its officers, the defendants Nancy Maiorano and Barbara Quadrello, had wrongfully asserted ownership of the stock certificate.

The plaintiff moved for a preliminary injunction enjoining

the defendants from selling, transferring, mortgaging, or encumbering the apartment during the pendency of the action. The defendants cross-moved pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint based upon documentary evidence and on the ground that the action was time-barred. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion, and the plaintiff appeals.

The defendants established that the action was barred by the three-year statute of limitations for recovery of a chattel (*see* CPLR 214 [3]). "In order to determine the Statute of Limitations applicable to a particular declaratory judgment action, the court must 'examine the substance of that action to identify the relationship out of which the claim arises and the relief sought' " (*Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202 [1987], quoting *Solnick v Whalen*, 49 NY2d 224, 229 [1980]). "If the court determines that the underlying dispute can be or could have been resolved through a form of action or proceeding for which a specific limitation period is statutorily provided, that limitation period governs the declaratory judgment action" (*Martin Goldman, LLC v Yonkers Indus. Dev. Agency*, 12 AD3d 646, 647 [2004]; *see Matter of Save the Pine Bush v City of Albany*, 70 NY2d at 202; *Solnick v Whalen*, 49 NY2d at 229-230). Here, the plaintiff seeks to recover a stock certificate representing shares in a cooperative apartment corporation. An action to recover a stock certificate is governed by the three-year statute of limitations for recovery of a chattel (*see* CPLR 214 [3]; *United States Fid. & Guar. Co. v Smith Co.*, 46 NY2d 498 [1979]; *Roth v Manufacturers Hanover Trust Co.*, 178 AD2d 267 [1991]). "Shares of stock issued in connection with cooperative apartments are personal property, not real property" (*Lombard v Station Sq. Inn Apts. Corp.*, 94 AD3d 717, 718 [2012]; *see Matter of State Tax Commn. v Shor*, 43 NY2d 151, 154 [1977]; *LI Equity Network, LLC v Village in the Woods Owners Corp.*, 79 AD3d 26, 30 [2010]; *Matter of Pollack*, 18 AD3d 555, 557 [2005]).

"On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (*Island ADC, Inc. v Baldassano Architectural Group, P.C.*, 49 AD3d 815, 816 [2008]). "The burden then shifts to the nonmoving party to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period"

(*Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.]*, 107 AD3d 780, 781 [2013] [citation omitted]). Here, the defendants established that the action accrued on November 2, 2010, when the stock certificate, indorsed in blank by the plaintiff's mother, was returned to HDFC, in exchange for $250. Notably, the record contains a copy of a cancelled check dated November 2, 2010, for $250 made payable to the plaintiff, and the plaintiff signed the stock certificate as a witness to her mother's signature.

In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations had expired (*see Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.]*, 107 AD3d at 781).

Accordingly, the Supreme Court properly granted dismissal of the complaint pursuant to CPLR 3211 (a) (5) and denied the plaintiff's motion for a preliminary injunction.

The plaintiff's remaining contention is academic in light of our determination. Leventhal, J.P., Barros, Connolly and Brathwaite Nelson, JJ., concur.