Appeal from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated September 24, 2014. The order, insofar as appealed from, (1) granted the cross motion of the defendant HSBC Bank, U.S.A., N.A., in effect, to dismiss the fourth, twelfth, thirteenth, and fourteenth causes of action of the amended complaint insofar as asserted against it, (2) granted that branch of the cross motion of the defendant HSBC Bank, U.S.A., N.A., and Hazard K. Campbell, Sr., pursuant to CPLR 3211 (a) (5) which was, in effect, to dismiss the sixth cause of action of the amended complaint as time-barred, (3) denied the plaintiffs’ motion pursuant to CPLR 5015 (a) to vacate an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), dated December 18, 2012, (4) denied the plaintiffs’ motion pursuant to CPLR 602 to remove three trust accounting proceedings pending in the Supreme Court, Erie County, to the Supreme Court, Suffolk County, in order to consolidate them with this action, and (5) denied the plaintiffs’ cross motion to disqualify the law firm of Philips Lytle LLP from representing the defendant HSBC Bank, U.S.A., N.A., and Hazard K. Campbell, Sr., and for the imposition of sanctions pursuant to 22 NYCRR 130-1.1 against HSBC Bank, U.S.A., N.A., and Hazard K. Campbell, Sr.
 

 Ordered that the order dated September 24, 2014, is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
 

 In 2013, the plaintiffs commenced this action against, among others, the defendant HSBC Bank, U.S.A., N.A. (hereinafter HSBC), and Hazard K. Campbell, Sr. (hereinafter Hazard), now deceased, seeking an accounting of certain family trusts and to recover damages sounding in tort related to the role of HSBC and Hazard as trustees of the family trusts. Following the commencement of the action, HSBC cross-moved, in effect, to dismiss the fourth, twelfth, thirteenth, and fourteenth causes of action of the amended complaint insofar as asserted against it. HSBC and Hazard also cross-moved, pursuant to CPLR 3211 (a) (5), in effect, inter alia, to dismiss the sixth cause of action of the amended complaint as time-barred.
 

 Thereafter, the plaintiffs moved pursuant to CPLR 5015 (a) to vacate an order of the Supreme Court, Erie County, dated December 18, 2012, in a prior trust accounting proceeding (hereinafter the Erie County order). The plaintiffs also moved pursuant to CPLR 602 to remove three additional trust accounting proceedings pending in the Supreme Court, Erie County, to the Supreme Court, Suffolk County, in order to consolidate them with this action. After HSBC and Hazard moved for the imposition of sanctions against the plaintiffs, the plaintiffs cross-moved for the imposition of sanctions against HSBC and Hazard and to disqualify the law firm of Phillips Lytle LLP from representing HSBC and Hazard. In the order appealed from, the Supreme Court (1) granted HSBC’s cross motion, in effect, to dismiss the fourth, twelfth, thirteenth, and fourteenth causes of action of the amended complaint insofar as asserted against it, (2) granted that branch of the cross motion of HSBC and Hazard pursuant to CPLR 3211 (a) (5) which was, in effect, to dismiss the sixth cause of action of the amended complaint, (3) denied the plaintiffs’ motion to vacate the Erie County order, (4) denied the plaintiffs’ motion pursuant to CPLR 602 to remove the pending Erie County proceedings to the Supreme Court, Suffolk County, in order to consolidate them with this action, and (5) denied the plaintiffs’ cross motion to disqualify the law firm of Phillips Lytle LLP and for the imposition of sanctions pursuant to 22 NYCRR 130-1.1 against HSBC and Hazard. The plaintiffs appeal.
 

 The Supreme Court properly granted that branch of the cross motion of HSBC and Hazard pursuant to CPLR 3211 (a) (5) which was, in effect, to dismiss the sixth cause of action of the amended complaint as time-barred. “A proceeding to compel a fiduciary to account is governed by the six-year statute of limitations set forth in CPLR 213 (1)” (Matter of Hiletzaris, 105 AD3d 740, 741 [2013]). “[C]laims for an accounting accrue when there is either an open repudiation of the fiduciary’s obligation or a judicial settlement of the fiduciary’s account” (Incorporated Vil. of Muttontown v Ryba, 121 AD3d 757, 759 [2014]). Here, HSBC and Hazard established, prima facie, that two trusts for the benefit of the plaintiff Heather B. Byrne were terminated in 1986 and 2006, respectively. The fiduciary obligations of HSBC and Hazard were openly repudiated in 2006, more than six years prior to the commencement of this action (see CPLR 213 [1]). In opposition, Byrne failed to raise a question of fact as to whether the six-year statute of limitations was tolled or otherwise inapplicable, or whether the action was actually commenced within the applicable six-year limitations period (see Franklin v Hafftka, 140 AD3d 922, 924 [2016]).
 

 The Supreme Court properly denied the plaintiffs’ motion pursuant to CPLR 5015 (a) to vacate the Erie County order. A motion to vacate pursuant to CPLR 5015 must be addressed to the court which rendered the judgment or order sought to be vacated, and “[n]o court other than the one which rendered the judgment or order may entertain a motion to vacate it” (Hrouda v Winne, 77 AD2d 62, 65 [1980]; see Ort v Ort, 78 AD3d 1138 [2010]; Matter of New York Diet Drug Litig., 47 AD3d 586 [2008]; Brenner v Arterial Plaza, 29 AD2d 815, 816 [1968]). Here, the court properly determined that it lacked the authority to entertain the motion to vacate, since the Supreme Court, Erie County, is the proper forum for such an application. Contrary to their contention, the plaintiffs were not permitted to collaterally attack the Erie County order in this action (see Mazzei v Kyriacou, 98 AD3d 1088, 1089 [2012]; Weinstock v Citibank, 289 AD2d 326 [2001]; Miller v Miller, 96 AD2d 1073 [1983]; cf. Specialized Indus. Servs. Corp. v Carter, 68 AD3d 750, 751-752 [2009]).
 

 The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs’ cross motion which was to disqualify the law firm of Phillips Lytle LLP. “A party’s entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted. While the right to choose one’s counsel is not absolute, disqualification of legal counsel during litigation implicates not only the ethics of the profession but also the parties’ substantive rights, thus requiring any restrictions to be carefully scrutinized” (Gulino v Gulino, 35 AD3d 812, 812 [2006] [citations omitted]). “If a party moving for disqualification was aware or should have been aware of the facts underlying an alleged conflict of interest for an extended period of time before bringing the motion, that party may be found to have waived any objection to the other party’s representation” (Hele Asset, LLC v S.E.E. Realty Assoc., 106 AD3d 692, 694 [2013]). Here, the plaintiffs’ delay in seeking disqualification constituted a waiver of their objection to the choice of counsel of HSBC and Hazard (see Matter of Valencia v Ripley, 128 AD3d 711, 713 [2015]).
 

 The plaintiffs’ remaining contentions are without merit.
 

 Dillon, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.