Bachir v Lloyds of London (2018 NY Slip Op 00399)





Bachir v Lloyds of London


2018 NY Slip Op 00399


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2015-03060
 (Index No. 600160/14)

[*1]Victoria Bachir, etc., et al., appellants, 
v
Lloyds of London, etc., et al., respondents.


Foley & Associates, P.C., New York, NY (J. Garth Foley of counsel), for appellants.
Clark & Fox, New York, NY (Michael S. Savett of counsel), for respondent Lloyds of London.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., New York, NY (Karen M. Lager of counsel), for respondent All Island Credit Corp.
Wood Smith Henning & Berman, LLP, New York, NY (Nancy Quinn Koba of counsel), for respondent Horizon Planning Services, Ltd.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of an insurance policy, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Marber, J.), entered January 7, 2015, which granted the defendants' separate motions pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the separate motions of All Island Credit Corp. and Horizon Planning Services, Ltd., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them, and substituting therefor a provision denying those motions; as so modified, the order is affirmed, with one bill of costs to the defendant Lloyds of London payable by the plaintiffs, and one bill of costs to the plaintiffs payable by the defendants All Island Credit Corp. and Horizon Planning Services, Ltd.
The plaintiffs commenced this action against the defendants after the dismissal of a previous action for failure to prosecute. The defendants separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. The Supreme Court granted the motions, and the plaintiffs appeal.
The Supreme Court should not have granted the defendants' separate motions on the ground that CPLR 205(a) bars the instant action. The six-month period in CPLR 205(a) is not a limitations period but a tolling provision, which has no application where, as here, the statute of limitations had not expired at the time the second action was commenced (see United States Fid. & Guar. Co. v Smith Co., 46 NY2d 498, 505; Bonilla v Tutor Perini Corp., 134 AD3d 869, 870; Hyowon Kim v Cruz, 94 AD3d 820; Schindler v Issler & Schrage, 262 AD2d 226, 227).
However, as an alternative ground for dismissal, the defendant Lloyds of London (hereinafter Lloyds) relied upon a two-year limitations provision in the subject insurance policy. Lloyds established that this action was barred insofar as asserted against it because the plaintiffs commenced the action after the expiration of that limitations period (see D'Angelo v Allstate Ins. Co., 126 AD3d 931; Snyder v Allstate Ins. Co., 70 AD3d 670; Beroza v Sallah Law Firm, P.C., 126 AD3d 742). In opposition, the plaintiffs failed to raise a question of fact (see generally Snyder v Allstate Ins. Co., 70 AD3d 670; Savarese v Shatz, 273 AD2d 219). Accordingly, Lloyds was entitled to dismissal of the complaint insofar as asserted against it, albeit on a ground different from that relied upon by the Supreme Court.
The alternative grounds for affirmance raised by the defendants All Island Credit Corp. and Horizon Planning Services, Ltd. (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545), are without merit.
HALL, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court