Plaza Invs. v Capital One Fin. Corp. (2018 NY Slip Op 06776)





Plaza Invs. v Capital One Fin. Corp.


2018 NY Slip Op 06776


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-04314
 (Index No. 15513/14)

[*1]Plaza Investments, etc., appellant, 
v
Capital One Financial Corporation, etc., respondent, et al., defendants.


Ira Bierman, Jericho, NY, for appellant.
Lazer Aptheker Rosella & Yedid, P.C., Melville, NY (Joseph C. Savino and Jennifer Silvestro of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Valerie Brathwaite Nelson, J.), entered March 1, 2016. The order granted that branch of the motion of the defendant Capital One Financial Corporation which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211(a) and denied, as academic, the plaintiff's cross motion for leave to amend the complaint to clarify its causes of action.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action by filing a summons with notice alleging, inter alia, breach of contract and fraud. In response to the demand of the defendant Capital One Financial Corporation (hereinafter Capital One), the plaintiff filed a complaint alleging that in exchange for valuable consideration, Capital One's predecessor, GreenPoint Bank, assigned a mortgage to the plaintiff that had been previously extinguished and was thus valueless. Capital One moved pursuant to, inter alia, CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it on the ground that the causes of action were barred by the statute of limitations. The plaintiff opposed the motion and cross-moved for leave to amend the complaint to clarify its causes of action or compel Capital One to accept the complaint. The Supreme Court granted Capital One's motion and denied the plaintiff's cross motion as academic.
A defendant who moves to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired (see Murray v Charap, 150 AD3d 752, 753; Wei Wei v Westside Women's Med. Pavilion, P.C., 115 AD3d 662, 663; Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.], 107 AD3d 780, 781; Texeria v BAB Nuclear Radiology, P.C., 43 AD3d 403, 405). The burden then shifts to the nonmoving party to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period (see Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.], 107 AD3d at 781; Baptiste v Harding-Marin, 88 AD3d 752, 753; [*2]Williams v New York City Health & Hosps. Corp., 84 AD3d 1358, 1359).
Here, Capital One established, prima facie, that the plaintiff commenced this action more than six years after the causes of action accrued (see CPLR 213). In opposition, the plaintiff failed to raise a question of fact as to whether the causes of action were interposed within the applicable statute of limitations (see Campbell v Bank of Am., N.A., 155 AD3d 820, 822; Loscalzo v 507-509 President St. Tenants Assn. Hous. Dev. Fund Corp., 153 AD3d 614, 616). Accordingly, we agree with the Supreme Court's determination granting that branch of Capital One's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred.
In light of our determination that the asserted causes of action are time-barred, we agree with the Supreme Court's determination denying the plaintiff's cross motion for leave to amend the complaint to clarify its causes of action as academic.
RIVERA, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court