Witty v 1725 Fifth Ave. Corp. (2019 NY Slip Op 01640)





Witty v 1725 Fifth Ave. Corp.


2019 NY Slip Op 01640


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2018-01068
 (Index No. 2509/17)

[*1]Starr Witty, appellant, 
v
1725 Fifth Avenue Corp., et al., respondents, et al., defendants.


Law Offices of Daniel A. Zahn, P.C., Holbrook, NY, for appellant.
Mark E. Goidell, Garden City, NY, for respondents 1725 Fifth Avenue Corp., Robert H. Frampton, and Susan Veltry.
Glynn Mercep & Purcell, LLP, Stony Brook, NY (Scott B. MacLagan and Craig Purcell of counsel), for respondent Judith Wallace.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated December 12, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendants 1725 Fifth Avenue Corp., Robert H. Frampton, and Susan Veltry, and the separate motion of the defendant Judith Wallace, which were pursuant to CPLR 3211(a) to dismiss the first and second causes of action insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting that branch of the motion of the defendants 1725 Fifth Avenue Corp., Robert H. Frampton, and Susan Veltry, and that branch of the separate motion of the defendant Judith Wallace, which were pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against them, and substituting therefor a provision denying those branches of their separate motions; as so modified, the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendants 1725 Fifth Avenue Corp., Robert H. Frampton, and Susan Veltry, and the defendant Judith Wallace, appearing separately and filing separate briefs.
The plaintiff commenced this action against the defendants, asserting three causes of action. As relevant here, the first cause of action sought to foreclose on a mortgage dated November 17, 2003. The second cause of action sought to recover damages for breach of a contract of sale, also dated November 17, 2003.
The defendants 1725 Fifth Avenue Corp., Robert H. Frampton, and Susan Veltry (hereinafter collectively the Fifth Avenue defendants) moved pursuant to CPLR 3211(a) to dismiss, inter alia, the first and second causes of action insofar as asserted against them. The defendant Judith Wallace separately moved pursuant to CPLR 3211(a) to dismiss the first and second causes of action [*2]insofar as asserted against her. The plaintiff opposed both motions.
In the order appealed from, the Supreme Court, among other things, granted those branches of the Fifth Avenue defendants' motion, and Wallace's separate motion, which were pursuant to CPLR 3211(a) to dismiss the first and second causes of action insofar as asserted against each of them. With respect to the first cause of action, the court concluded that the moving defendants established that the plaintiff lacked standing to foreclose the mortgage. With respect to the second cause of action, the court concluded that the cause of action was time-barred, and that it otherwise failed to state a cause of action for breach of contract. The plaintiff appeals from portions of the order. We modify.
Generally, a plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). "On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (New York Community Bank v McClendon, 138 AD3d 805, 806; see U.S. Bank Trust, N.A. v Carter, 164 AD3d 539, 542). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 60; see New York Community Bank v McClendon, 138 AD3d at 806).
Here, the moving defendants failed to establish, as a matter of law, that the plaintiff lacked standing to foreclose the mortgage to recover unpaid sums which were due under the terms of note that she holds (see generally Granger v Crouch, 86 NY 494, 499-500; Hoyt v Dollar Sav. Bank of City of N.Y., 187 App Div 243, 246-247, affd 231 NY 583; cf. Getty, Inc. v Cauchois, 141 App Div 443, 444-445). Accordingly, the Supreme Court should have denied that branch of the Fifth Avenue defendants' motion, and that branch of Wallace's separate motion, which were pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against each of them.
However, we agree with the Supreme Court's determination directing dismissal of
the second cause of action, which alleged breach of contract. "On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669; see Island ADC, Inc. v Baldassano Architectural Group, P.C., 49 AD3d 815, 816). "The burden then shifts to the nonmoving party to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period" (Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.], 107 AD3d 780, 781 [citation omitted]; see U.S. Bank N.A. v Joseph, 159 AD3d 968, 969).
Here, insofar as the second cause of action alleged a breach of the contract of sale for failure to place certain fire insurance proceeds in escrow, the moving defendants demonstrated, prima facie, that the claim was barred by the applicable six-year statute of limitations (see CPLR 203[a]). In opposition, the plaintiff failed to raise a question of fact (see Campbell v Bank of Am., N.A., 155 AD3d 820, 822; Loscalzo v 507-509 President St. Tenants Assn. Hous. Dev. Fund Corp., 153 AD3d 614, 616).
To the extent that the second cause of action alleged other breaches of the contract of sale, such allegations failed to state a cause of action. In considering a motion to dismiss the complaint for failure to state a cause of action, the court must afford the complaint a liberal construction, take the allegations of the complaint as true, and provide the plaintiff the benefit of every possible favorable inference (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; Leon v Martinez, 84 NY2d 83, 88). "Where evidentiary material is submitted and considered on a motion [*3]to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, contrary to the plaintiff's contention, the contract of sale contains no provision obligating the moving defendants to reconstruct the building on the property or to make the mortgage and tax payments as alleged in the complaint (cf. Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester, 99 AD3d 998, 999; Trump on the Ocean, LLC v State of New York, 79 AD3d 1325, 1326). Accordingly, the plaintiff failed to state a cause of action for breach of contract based upon those alleged obligations.
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court